NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN L. JOHNSON, | No. 19-17188 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-03676-WHO |
| v. | |
| NATIONSTAR MORTGAGE, LLC, a Delaware Corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted March 16, 2021[**]

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Steven L. Johnson appeals pro se from the district court's summary judgment in his diversity action arising out of a trial payment plan to avoid foreclosure on his property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011).

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We affirm.

The district court properly granted summary judgment on Johnson's breach of contract claim because Johnson failed to raise a genuine dispute of material fact as to whether Nationstar breached the trial payment plan agreement. *See Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011) (elements of breach of contract claim under California law).

The district court properly granted summary judgment on Johnson's California Civil Code § 2923.7 claim because Johnson failed to raise a triable dispute of material fact as to whether Nationstar failed to provide a single point of contact. *See* Cal. Civ. Code §§ 2923.7(b), (e) (listing requirements and describing responsibilities of a single point of contact).

The district court properly granted summary judgment on Johnson's negligence claim because Johnson failed to raise a triable dispute of material fact as to whether Nationstar breached any duty of care owed to Johnson in considering him for a loan modification. *See Conroy v. Regents of Univ. of Cal.*, 203 P.3d 1127, 1132 (Cal. 2009) (elements of negligence claim under California law).

The district court did not abuse its discretion in denying Johnson's motion for a leave to file an amended complaint because any amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be

19-17188

denied where amendment would be futile).

The district court did not abuse its discretion in denying Johnson's post-judgment motion to alter or amend the judgment because Johnson failed to demonstrate any grounds for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and explaining circumstances warranting reconsideration under Fed. R. Civ. P. 59(e)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**